**UNITED STATES, Appellee**

v.

**Staff Sergeant David N. MEISTER, SSN 565–80–5560, United States Army, Appellant.**

**CM 444577.**

U.S. Army Court of Military Review.

11 July 1984.

Lieutenant Colonel Paul J. Luedtke, JAGC, Captain L. Sue Hayn, JAGC, and Captain Barry Rothman, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant pled guilty to manufacture, possession and distribution of marijuana, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). His pleas of guilty to the offenses of manu-facture and distribution of marijuana were based on the premise that he aided and abetted his wife's direct commission of these offenses. Appellant now contends that those pleas of guilty were improvident.

## I. DISTRIBUTION

As to the distribution offense, appellant contends that certain matters raised during the presentencing proceedings were inconsistent with his plea of guilty. In an unsworn statement, appellant asserted that he never wanted his wife to sell or distribute marijuana and in fact had previously threatened to divorce her if she did. On the date in question, a man came to appellant's door and, in effect, said he wanted to buy marijuana from appellant's wife. Appellant invited him in and summoned his wife, fully expecting that she would sell marijuana to the visitor. Appellant explained that while he still opposed any sale or distribution of marijuana by his wife, he wanted to witness such a transaction before carrying out his threat to divorce her. Appellant maintains that these statements indicate that he did not have the requisite criminal intent to make him a principal to his wife's crime. We disagree.

Appellant's argument equates the motive for his acts with his intent. *United States v. Kastner*, 17 M.J. 11 (C.M.A.1983), makes it clear that an accused's intent, not his motive, determines the criminality of his acts. "The correct test [for determining whether an act is criminal] is objective, not subjective: Is the accused's conduct, objectively viewed, a violation of established law?" *Id.* at 13.

Applying this doctrine to the more specific question of the mental state required for guilt as a principal, we hold that one may either personally intend that the crime be committed or may only know that the direct actor intends to commit the crime. Either state of mind, when coupled with an act which aids, encourages, incites,

counsels, commands, procures or causes an offense, makes one a principal to the offense.[1]

 In the instant case appellant knew his wife would sell the marijuana if summoned. By summoning her, appellant aided and encouraged the commission of the offense of distribution of marijuana. Moreover, appellant's statements indicate he specifically intended to provide his wife with the opportunity to commit the offense. Appellant's criminal liability as an aider and abettor is thus established.

## II. MANUFACTURE

 As to the offense of manufacturing marijuana, appellant contends that his responses during the providence inquiry do not establish that he aided or abetted his wife's crime. Again, we disagree.

Appellant established his guilt by his uncontroverted assertions that after arguing with his wife over whether she could grow marijuana plants in their home, he told her to go ahead, whereupon she did. By verbalizing his agreement to his wife's proposal, appellant encouraged her to proceed with her criminal enterprise. In addition, appellant's statement that he ultimately agreed to the project demonstrates that he shared his wife's criminal intent.

The findings of guilty and the sentence are affirmed.

**1.** *See United States v. Wooten,* 1 U.S.C.M.A. 358, 363, 3 C.M.R. 92, 97 (1952); *United States v. Miasel,* 22 C.M.R. 562 (ABR 1956); W. Lafave and A. Scott, Handbook on Criminal Law, sec. 63, at 506 (1972); R. Perkins & R. Boyce, Criminal Law, ch. 6, sec. 8, at 743 (3d ed. 1982).